IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALBERT V. JESSEP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-137 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DISMISS
# PETITION FOR A WRIT OF HABEAS CORPUS

Before the Court is petitioner's ALBERT V. JESSEP'S Amended Petition for a Writ of Habeas Corpus. In 2006, petitioner pled guilty to two counts of possession of child pornography out of the 47th District Court of Potter County, Texas. He received five years of deferred adjudication probation. By way of his July 20, 2011 "Response to Briefing Order" (document 9), petitioner has informed the Court that the deferred adjudication probation began on April 17, 2006 and expired April 17, 2011. Thus, petitioner is no longer on probation.

The very first showing a federal habeas corpus petitioner must make is that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001). This means the petitioner must be in custody due to the conviction or sentence challenged in the habeas corpus petition. *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989).

The Supreme Court has specifically said a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired and the petitioner suffers no present restraint as a result of the conviction. *Id.* at 491-92, 109 S.Ct. at 1925-26. Where a petitioner is not "in custody" under the challenged conviction, the district court lacks subject matter jurisdiction to consider the habeas petition. *Pleasant v. Texas*, 134 F.3d 1256, 1259 (5th Cir. 1998).

When the Court first reviewed the amended petition, it noticed that the sentence on the challenged conviction had possibly expired. Petitioner has confirmed, in response to this Court's Briefing Order, that the sentence has, in fact, expired. Petitioner has served his sentence, and he is no longer "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Put another way, the general purpose of federal habeas corpus is to provide relief to a petitioner by freeing him from custody imposed in violation of the Constitution or laws of the United States. Because petitioner is no longer in custody, there is no relief this Court could provide him in a federal habeas corpus proceeding. The Court lacks the subject matter jurisdiction to hear this case. *See Maleng*, 490 U.S. at 490-91, 109 S.Ct. at 1925; *Pleasant*, 134 F.3d at 1259.

## RECOMMENDATION

Petitioner is not in custody pursuant to the judgment of a state court and this Court lacks the subject matter jurisdiction to review his claims. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ALBERT V. JESSEP be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28th day of July, 2011.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).